U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

AUG 15 2011

CHRIS R. JOHNSON, Clerk
By
    Deputy Clerk

IN THE UNITED STATES DISTRICT COURT OF
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**FRANKIE HARMON**                                                                  **PLAINTIFF**

vs.                                        No. 11-6065

**UNITED STATES OF AMERICA**                                                        **DEFENDANT**

## COMPLAINT

Plaintiff, Frankie Harmon, by her attorneys, J.G. "Gerry" Schulze and Ruthanne N. Murphy, for their Complaint, state:

1.  This is a medical negligence case under the Federal Tort Claims Act, 28 U.S.C. §2671, et seq. On August 31, 2011, Mrs. Harmon underwent the dental extraction of her second wisdom tooth that was impacted by Dr. Jack Wilson at the Montgomery County Health Clinic. Form 95 was filed by Mrs. Harmon's attorneys and the claim of dental malpractice was denied by the United States Department of Health and Welfare in Washington, D.C. This letter is attached as Exhibit A of this Complaint. Plaintiff has exhausted all her administrative remedies.

2.  Plaintiff, Frankie Harmon, resides at Mt. Ida, Arkansas. The Montgomery County Health Clinic is also located in the town of Mt. Ida, Arkansas.

3.  The Defendant owns, operates, and maintains the

1

Montgomery County Health Clinic through the Department of Health and Human Services, a federal agency. Dr. Jack Wilson is a dentist employed by the Montgomery County Health Clinic. Dr. Wilson was acting within the scope of his employment of the Montgomery County Health Clinic when the injury occurred.

4. This Court has jurisdiction under 28 U.S.C. §1346, and venue is proper under 28 U.S.C. §1402.

5. Mrs. Harmon was a patient of the Montgomery County Health Clinic since 2008.

6. Mrs. Harmon came in to have her second wisdom tooth extracted on August 31, 2009. Once during the procedure Dr. Wilson's dental assistant insisted Dr. Wilson should take a break, telling him he wasn't where he thought he was. Later, Dr. Wilson asked Mrs. Harmon to shut her eyes during the procedure because he couldn't stand to see the pain she was in. Dr. Wilson caused Mrs. Harmon terrible pain and removed a significant portion of her jaw when extracting her tooth and left Mrs. Harmon with blood running from her mouth and nose and sent her home in that condition. Mrs. Harmon was unable to eat and the bleeding continued through the night. When Mrs. Harmon went back to Dr. Wilson with all her pain and bleeding, he sent her to Dr.

Edward P. Cooper. Dr. Cooper's diagnosis was an oral antral fistula secondary to removal of the tooth by Dr. Jack Wilson Dr. Cooper was soon killed in a plane accident and was unable to follow up with Mrs. Harmon.

7. When Mrs. Harmon received a letter telling her to come in for follow up care with Dr. Wilson, she called the clinic to inform them she had gone to a different doctor. Mrs. Harmon had gone to see Dr. Russell Cooper with Rock Creek Dental in Hot Springs, AR. Dr. Cooper stated that the whole right upper jaw was missing and he could not rebuild it. Without a jaw, Mrs. Harmon couldn't not wear dentures.

8. Mrs. Harmon was told she would need implants in her mouth because there was no jaw to hold dentures in place. Mrs. Harmon suffered terrible pain, multiple sinus infections and repeated trips to the Mercy Clinic in Glenwood for treatment and antibiotics.

9 During this entire period, Mrs. Harmon had to survive on a liquid diet, as she was unable to eat any solid food. Mrs. Harmon has lost weight and her strength since this incident occurred.

10. The Montgomery County Health Clinic, through its agents and employees, were negligent and its negligent acts constituted of the following, among other things:

 (a) Failing to properly warn Mrs. Harmon of what might happen when this impacted tooth was removed.

 (b) Failing to properly perform the dental extraction surgery on Mrs. Harmon;

 (c) Negligently removing a signficant part of Mrs. Harmon's jaw during the tooth removal procedure;

 (d) Failing to recognize the extent of the injury to Mrs. Harmon and immediately get her to an qualified oral surgeon, but instead sending her home for a night of agony and pain, as well as blood loss.

 (e) Failing to listen to the assistant at the Montgomery County Health Clinic when she warned him of his improper location;

 (f) Undertaking and performing such a complicated procedure at a facility not prepared to handle such an emergency;

 (g) Not referring Mrs. Harmon to a facility and surgeon skilled and able to handle this particular procedure; and

 (h) Otherwise failing to use the degree of skill and care required under the same or similar circumstances, a standard to which it is held pursuant to the Federal Tort Claims Act.

12. Because of the negligence of the Montgomery County Health Clinic, Mrs. Harmon suffered significant damages to her mouth and to her sinus. Mrs. Harmon was kept awake during this entire ordeal and has continued to suffer until this day due to the negligence.

13. As a direct and proximate result of the negligence of the Montgomery County Health Clinic, Mrs. Harmon has also suffered the following damages:

 (a) Immense pain and suffering and mental anguish in the past and likely to be suffered in the future;

 (b) Loss of income and loss of earning capacity, she is embarassed to be out in public with her obvious injury.

 (c) Medical expenses in the past and reasonably certain to be incurred with possible rebuilding of her jaw and the need for at least eight teeth implants on that side of her mouth,

 (d) Chronic sinus infections, loss of smell and taste;

 (d) Permanent injury; and

 (e) Visible disfigurement from this injury.

14. Plaintiff are entitled to recover the amounts consistent with that claimed in the claim form 95's, which are attached to this

Complaint as Exhibits "B".

16. With respect to the claims of both of the Plaintiff, the Defendant's agents, servants, and employees were at all material times acting within the scope of their office or employment, under circumstances where Defendant, if a private person, would be liable to the Plaintiff, in accordance with the law and pursuant to the Federal Tort Claims Act.

WHEREFORE, Plaintiff pray that they have judgment against the Defendant, and that they have all other relief to which they may be entitled.

Respectfully submitted,

Frankie Harmon

J.G. "Gerry" Schulze
AR Bar No. 83156
(501) 537-1000

Ruthanne N. Murphy
AR Bar No. 90043
BAKER, SCHULZE & MURPHY
11219 Financial Centre Parkway, Ste 315
Little Rock, AR 72211